UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNIQUE HESTER, | : | |
| Petitioner | : | No. 4:CV-10-1127 |
| vs. | : | (Petition Filed 5/25/10) |
| B.A. BLEDSOE, Warden, | : | (Judge Muir) |
| Respondent | : | |

**MEMORANDUM AND ORDER**

May 27, 2010

Donnique Hester, an inmate presently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hester challenges the validity of his conviction from the United States District Court for the District of Colorado. Along with the filing of his petition, Castillo filed an application to proceed in forma pauperis. (Doc. 2). Named as respondent is B.A. Bledsoe, USP-Lewisburg Warden.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule

1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**Background**

On February 28, 2006, following the entry of a guilty plea in the United States District Court for the District of Colorado to one count of Possession of a Firearm by a Prohibited Person, a violation of 18 U.S.C. § 922(g)(1), Hester was sentenced to a 110 month term of incarceration. See United States v. Hester, Crim. Action No. 1:05-cr-00330-LTB-1 (D. Colorado 2006).

Hester did not file a direct appeal, nor did he challenge his conviction in any other post-conviction proceeding. See Id.

Petitioner now turns to this Court seeking relief pursuant to § 2241. In his instant petition, Hester states the following ground for relief:

> A conviction pursuant to an unconstitutional law may not be ignored, furthermore an unconstitutional law is "void" and no law. An offense created by it is not a crime. A conviction under it is not merely erroneous but is illegal and void. The statute here, 18 U.S.C. § 922(G)(1) insofar as the second amendment to the United States Constitution authorizes this petitioner the right to bear arms. Therefore, the

> conviction and sentence for alleged unauthorized possession of a firearm, 18 U.S.C. § 922(G)(1) is not only "void" but also "tainted" and must be vacated.

(Doc. 1, petition).

**Discussion**

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Hester is clearly maintaining that his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or

procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).  Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

    The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy."  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S.

1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It has also been held that the fact that a petitioner's §2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Higgs v. Hobbs, No. CA 99-1113-RV-C, 2000 WL 284277, at *3 (S.D. Ala. Feb. 29, 2000); Ambrosio v. United States, No. 99CIV. 9626(DC), 94 CIV. 674(DC), 2000 WL 109009, at * 2 (S.D.N.Y. Jan. 28, 2000).

Petitioner fails to provide an explanation as to why he did not seek a §2255 motion with the sentencing court. It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Hester has not met this burden.

Additionally, Hester does not meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1] Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

                                      s/Malcolm Muir
                                      MUIR
                                      United States District Judge

---

2. In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

DONNIQUE HESTER,              :
                              :
        Petitioner            :    No. 4:CV-10-1127
                              :
    vs.                       :    (Petition Filed 5/25/10)
                              :
B.A. BLEDSOE, Warden,         :    (Judge Muir)
                              :
        Respondent            :

### ORDER

May 27, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the petition.

2. The petition for a writ of habeas corpus is **DISMISSED**, without prejudice to any right Hester may have to file a § 2255 motion in the United States District Court for the District of Colorado.

3. The Clerk of Court shall **CLOSE** this case.

                        s/Malcolm Muir
                        MUIR
                        United States District Judge